UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CENTRAL HEALTHCARE SERVICES                CIVIL ACTION

V.                                         NO. 09-4289

LLOYD C. SCHWING, ET AL.                   SECTION "F"


ORDER AND REASONS

Before the Court is the defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim. For the following reasons, the motion is GRANTED.

**Background**

The plaintiff in this case alleges that a former employee and his new company have used the plaintiff's business opportunities, proprietary information, and business practices to compete directly with the plaintiff. Lloyd C. Schwing was a salaried employee of Central Healthcare Services (CHS), a Louisiana corporation, from August 2006 through June 2008. In April 2005, Mr. Schwing moved from Louisiana to Pasadena, Texas, where he worked as an independent contractor helping to set up Marine Healthcare Management, a Texas LLC that he formed with the owner of CHS. In the summer of 2006, Marine Healthcare Management was dissolved, and CHS became registered to do business in Texas as Louisiana Central Healthcare when Mr. Schwing became an employee of CHS. The parties agree that there was no written contract of employment. Mr. Schwing

1

resigned from CHS in late May or early June 2008 and formed Marine Health Care Services under the laws of Texas.

In July 2009, the plaintiff filed a suit for damages in state court asserting, among other things, a claim against Mr. Schwing for breach of contract. The suit was timely removed and on October 7, 2009, this Court dismissed the plaintiff's claims against Marine Health Care Services for lack of personal jurisdiction.

The defendant submits that the plaintiff's complaint fails to state a cause of action for breach of contract under Louisiana or Texas law because it fails to allege the existence of a contract or how Mr. Schwing breached it. Defendant adds that even if the existence of the employment relationship serves as the contract, without a written contract, the relationship is "at will." Therefore, Mr. Schwing insists, under Texas or Louisiana law, both parties were free to terminate the relationship at any time and a breach of contract claim cannot stand. He adds that permitting CHS to amend its complaint would be futile because there is no set of facts that could result in a breach of contract claim.

The plaintiff responds that the existence of a contract is an issue of fact to be determined by the fact-finder after considering the employment relationship between Mr. Schwing and CHS. The plaintiff asserts that under Texas and Louisiana law, an employment relationship is by its nature contractual. The plaintiff adds that the employment relationship is alleged in its original petition

along with claims that Mr. Schwing violated his obligations as an employee. But, if further statement of facts should be made, CHS urges the Court to grant it leave to amend.

## **Discussion**

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation

3

marks, citations, and footnote omitted).

## II.

Under both Louisiana and Texas law, the employment relationship is contractual. See Hundson v. Allstate Ins. Co., 169 So. 2d 598, 602 (La. Ct. App. 1964) ("The relationship of employer-employee is a contractual one . . . ."); Mercury Life & Health Co. v. De Leon, 314 S.W.2d 402, 405 (Tex. Civ. App. 1958) ("The relation of employer and employee is contractual."). It must be noted that the cases cited by the plaintiff in support of this position, occur in the setting of the existence of an employment relationship for worker's compensation purposes of for payment under an insurance policy with an exclusion for the insured's employees. See, e.g., Vaughn v. Baton Rough Gen. Hosp., 421 So. 2d 288, 289 (La. Ct. App. 1982) (worker's compensation); Hundson, 169 So. 2d at 603 (insurance).

Additionally, Texas and Louisiana law both require that an employment relationship is "at will" unless the parties expressly agree otherwise. See Finkle v. Majik Market, 628 So. 2d 259, 262 (La. Ct. App. 1993)("Where there is no specific contract between the employee and employer, the employee is at-will and may be terminated for any reason, at any time . . . ."); Zimmerman v. H.E. Butt Grocery Co., 932 F.2d 469, 471 (5th Cir. 1991) ("Texas courts continue to follow the historical rule that, absent a specific contract term to the contrary, employment contracts are terminable

4

at will be either party."). Where the employment relationship is at will, there can be no breach of contract claim arising out of the termination of the relationship. See <u>Deus v. Allstate Ins. Co.</u>, 15 F.3d 506, 517 (5th Cir. 1994 (applying Louisiana law); <u>Camp v. Ruffin</u>, 30 F.3d 37, 38-39 (5th Cir. 1994) (applying Texas law).

The parties here agree that Mr. Schwing was employed by CHS, but that there was no written contract. The Court therefore finds that Mr. Schwing was an "at will" employee. A claim for wrongful termination of the contract is futile. The plaintiff's petition does not allege any agreement besides the oral employment contract, which is simply an agreement to provide labor in exchange for compensation. Further, any claims for breach of Mr. Schwing's duty of loyalty arising out of the employment relationship appear to sound in tort, not in contract.

Accordingly, the defendants motion to dismiss is GRANTED.

New Orleans, Louisiana, November 19, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE